**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

NAVJOT SINGH,       )
           )
    Petitioner,    )
           )
v.           )   Case No. CIV-26-263-J
           )
SCARLET GRANT, et al.,    )
           )
    Respondents.   )

## ORDER

Petitioner Navjot Singh, a noncitizen from India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release him. Judge Erwin also recommends that Respondents be ordered to certify compliance within seven business days. (Rep. & Rec.) [Doc. No. 15]. Respondents filed a timely objection (Obj.) [Doc. No. 16], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED IN PART to the extent it alleges Petitioner's lack of bond hearing violates federal law.

## I.  Background

Petitioner entered the United States on January 7, 2022 and on January 10, 2022, United States Immigration and Customs Enforcement (ICE) officials placed him into removal proceedings. ICE officials released Petitioner on his own recognizance, and he submitted a Form

I-589 Asylum Application on March 30, 2022.  ICE re-detained Petitioner on or about November 1, 2025.

In his Petition, Petitioner asserts that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and his due process rights.[1]

## II.    <u>Report and Recommendation</u>

Upon review, Judge Erwin concluded that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, Petitioner's continued detention without a bond hearing violates the INA.  *See* Rep. & Rec. at 3-7.

## III.   <u>Analysis</u>

Respondents object to Judge Erwin's conclusion that § 1226(a) controls Petitioner's detention.

Initially, Respondents argue generally that § 1225(b)(2)(A) controls because Petitioner – like all immigrants who have been living in the United States – is an applicant for admission and the section unambiguously requires all applicants for admission to be subject to mandatory detention.  *See* Obj. at 3-8.  Although employing a de novo review, the Court declines to engage in a lengthy analysis on this general objection.  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Others have disagreed, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026); however, unless the Tenth Circuit

---

[1] Because the Court grants Petitioner relief, it declines to address his constitutional claim.

and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also argue more specifically that Petitioner is an applicant for admission because he applied for asylum. *See* Obj. at 8-10. But this Court stands with those jurisdictions who have rejected this argument. *See Raj v. Anda-Ybarra*, No. CIV-26-125-D, 2026 WL 852093, at *1 (W.D. Okla. Mar. 27, 2026) ("Further, this Court has previously declined to find that . . . submitting an asylum application constitutes 'seeking admission' for purposes of § 1225(b)(2)(A)" (collecting cases)); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026) ("Respondents assert that Petitioner is seeking admission because he filed a Form I-589 asylum application during his removal proceedings. But this Court has previously rejected a similar argument."); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum.").

Having found § 1225(b)(2)(A) inapplicable to Petitioner, the Court agrees with Judge Erwin that § 1226(a) controls his detention. *See Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *2-3 (W.D. Okla. Jan. 21, 2026) (holding that because "Petitioner has been unlawfully living in the United States for many years without seeking admission, § 1225(b)(2)(A) does not apply, and § 1226(a), instead, controls Petitioner's detention."). And "[n]oncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge." *Id.* at 3. Here, Petitioner has not received a bond hearing, and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the INA.

## IV.  Conclusion

For the reasons above, the Court ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. No. 15] on de novo review and GRANTS IN PART Petitioner's Petition in so far as it finds Respondents violated the INA.  Accordingly, the Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner.  Respondents shall certify compliance within seven business days of this Order's date.  Petitioner's Motion to Issue Judgment [Doc. No. 14] is DENIED as moot.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of April, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE